Pearson, C. J.
 

 In
 
 McMillan
 
 v.
 
 Davis,
 
 ante 218, it did not appear that the appeal was taken at a different time from 'the granting of the judgment. In ©urease,
 
 it
 
 does appear on the face of the .paper that the appeal was taken at a different time. Indeed, his Honor considered the appeal liable to objection, because it appeared not to have been taken in the manner required by the statute, and puts his refusal to allow the motion to dismiss @n the ground that it was not made in ¡apt time. In this, we tfei®k lie -erred. What is
 
 apt time,
 
 depends on circumstances. In
 
 McMillan
 
 v.
 
 Davis, supra,
 
 there were three continuances in the County Court — an appeal and itbree continuances in fee Superior Court, and this Court was
 
 *397
 
 of opinion that the motion was not in apt time. Because-, after the delay, and the unnecessary accumulation of costs, it was unreasonable for the defendant to fall back upon an objection which he might have taken at first, and, therefore, the Court treated the objection as having been, waived. So, in
 
 Wallace
 
 v.
 
 Corbitt,
 
 4 Ired. Rep. 45, where the case had been removed to an adjoining county for trial, and pended three years, a motion to dismiss the appeal was considered too late. So, in
 
 Arrington
 
 v. Smith, ibid 59, the cause had continued in the Superior Court two years, and witnesses had been summoned on both sides.
 

 In our case, the appeal -was returned to the Spring Term, and the motion was made the next Fall Term. So, only one term intervened. The probability is, that it was not reached the first term; and there is this further circumstance — as the plaintiff did not appeal, or have his intention to appeal entered at the time when the judgment -was- rendered, the defendants were justified in talcing it for granted that no appeal would be afterwards allowed. So, there is nothing to show that they had notice of the appeal until after the first term, and it would be strange if the plaintiff could take advantage of a consequence of his own neglect in not appealing in apt time, and put on the defendants the blame of “being behind time.” Where a defendant fails to appeal in proper time, and is allowed to do so afterwards, it is probable the plaintiff will soon bear of it, because he is concerned in taking out execution ; but when a plaintiff fails to appeal, the defendant has no further concern in it, and may be taken by surprise, if required to move to dismiss the appeal at the first term. So, we conclude he is in “apt time” at the second term. There is error. The judgment must be reversed, and motion to dismiss the appeal allowed.
 

 Pee Cubiam,
 

 Judgment reversed.